The statute of frauds declares that every contract for the sale of any land, or any interest in land, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the sale is to be made. (2 R.S., 135, § 8.) Without considering whether the paper writing relied upon by the plaintiff is an agreement on the part of Weeks, or simply a proposition not accepted by the plaintiff, and therefore not obligatory upon the signer, under any circumstances, I prefer to rest the decision of the cause upon the insufficiency of the writing, in form, under the requirements of the statute of frauds. In cases not within the statute, parol evidence may be admissible, in aid of written agreements, and to give effect to them, when it would not be admissible in respect to contracts required by the statute to be in writing. In the one case, the writing is essential to the validity of the contract, and is matter of substance, while in the other, it is but the memorial or evidence of it, adopted, by the parties, for their convenience; and the admissibility or effect of parol *Page 160 
evidence concerning it, depends wholly upon the rules of evidence; and the contract, whether in writing or verbal, or partly written and partly verbal, is valid, when established by competent testimony of any kind; so that the adjudications, in actions upon contracts not within the statute concerning the admissibility of parol evidence, do not aid us, in passing upon cases arising under the statute. The statute was passed to prevent fraud and perjury, in the establishment of fictitious or misrepresented contracts; and its object can only be effected by requiring not only the fact that such contract was made to be evidenced by writing, but that the contract itself, the entire agreement with all its terms and conditions, shall be in writing, Fraud and perjury may be as successful and as dangerous in interpolating or misrepresenting terms and conditions, as in describing the parties or subject matter of a contract. Hence, our statute requires the contract, or some memorandum expressing the consideration, to be in writing. It does not prescribe any particular form of words; but it does make the writing of the essence of the contract, and requires an agreement for the sale of lands to be written, and in such terms that it can be ascertained, to a moral or reasonable certainty, what the parties mean. If the agreement be vague and indefinite, so that the full intention of the parties cannot be collected from it, it cannot be said that the contract is in writing, and it is therefore void. If the parties have used abbreviations or technical terms, or terms of trade, evidence may be given, by parol, to show what meaning such abbreviations and terms had acquired, by usage and custom, but not in what sense the parties used them. (Cross v.Eglin, 2 Barn. Ad., 106; Salmon Falls Man. Co. v.Goddard, 14 How. U.S., 446.) So an agreement need not be perfect by itself. It may be made certain and definite, and thus valid, under the statute, by reference to another writing, as well as by incorporating the entire contract in one paper. But the reference must be to another paper, and so distinct as to make that paper a part of the contract itself. (Kenworthy v.Schofield, 2 Barn. Cres., 945.) The parties cannot unite two papers, so as to make them unitedly constitute *Page 161 
a valid contract, unless they are physically joined, or the intention to unite them appears on the face of the papers. If the connection between two papers depend upon verbal testimony, or if the reference in the written memorandum is to something verbal, the whole evil intended to be remedied by statute will be experienced. The writing being only one link in the chain of evidence to establish the contract, the contract is not in writing, and the case is not taken out of the statute. Judge HOLROYD, in Kenworthy v. Schofield (supra), says: "It appears to me, that you cannot call that a memorandum of a bargain, which does not contain the terms of it." It was decided, as early as 1804, in Wain v. Warlters (5 East., 10), that a writing could not be a memorandum of an agreement, unless it contained the whole agreement, — that is to say, the parties and the consideration and the subject matter, as well as the promise, — and this is now well established as law. It was then held that the word agreement, in the statute, included not only the promise, but the consideration for it; and that parol evidence could not be given of the consideration of a promise, which, upon the face of the written engagement, was a nudum pactum. Our statute in terms requires the consideration to be expressed. If the consideration and promise cannot both be ascertained with precision, from the writing, the agreement will not satisfy the requisitions of the statute. (Abeel v. Radcliffe, 13 J.R., 297; Dodge v. Lean, id., 508; Baptist Church v. Bigelow,
16 Wend., 30.) A covenant in a lease to let the lot at the expiration of the term to the lessee, is void for uncertainty, as not expressing the term or rent, upon the principle that every contract in writing, under the statute of frauds, must be certain in itself, or capable of being made so by reference to something else, whereby its terms can be ascertained with reasonable precision. (Abeel v. Radcliff, supra.) When the subject matter of the contract is not so described that it can be ascertained from the written memorandum, it is void. (Rollin v.Pickett, 2 Hill, 552; Bayley v. Fitzmaurice, 8 E. B., 664.) When the writing is ambiguous, as to the consideration, it cannot be explained by parol. (Weed v. Clarke, *Page 162 
4 Sandf. S.C., 31.) Parol evidence cannot be given to explain an ambiguity or supply omissions or imperfections in the written agreement, when the contract is required to be in writing. (Cross v. Eglin, supra.) The contract relied upon by the plaintiff must stand or fall by itself. Construction and effect must be given to it, per se, and without the aid of extrinsic evidence. There were terms upon which the conveyance was to be made, or for the payment of the purchase money, which were not stated in the memorandum; and, in order to a specific performance of the agreement, these terms are to be ascertained; and, as they cannot be spelled out from the paper writing, it follows that the agreement is void, and cannot be enforced by the court. Looking at the paper alone, we are compelled to say, either that there was no perfect agreement made between the parties, or they have failed to make a perfect memorandum of it; and either view is fatal to the plaintiff. It is possible that the sale and conveyance of the property was "upon the terms as specified;" that is, upon some terms, or subject to some conditions, which do not appear; or, it may be that the terms related to the payment of the purchase money, the consideration of the undertaking of Weeks, and which should have appeared by the memorandum. If it was certain that the terms only related to the payment of the $6,500, still, the terms not being stated, the contract must fail. The words cannot be rejected. They are a part of the memorandum made by the parties, and effect must be given to them; and giving effect to them leaves the contract ambiguous, and therefore void. The judgment must be affirmed, with costs.
All the judges concurring,
Judgment affirmed. *Page 163